```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF HAWAII

FREDERICK BANKS,                )    CIVIL NO. 15-00216 SOM/BMK
                                )
          Plaintiff,            )    ORDER DISMISSING COMPLAINT;
                                )    ORDER DENYING AS MOOT
     vs.                        )    APPLICATION TO PROCEED IN
                                )    FORMA PAUPERIS
TIMOTHY PIVNICHNY, et al.,      )
                                )
          Defendants.           )
_____ )
```

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.      INTRODUCTION.**

On June 9, 2015, Frederick Banks filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). See ECF No. 2. Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), this court has screened Banks's Complaint and determined that Banks fails to state a claim on which relief may be granted. Accordingly, the court dismisses the Complaint, and denies the IFP Application as moot.

**II.     FACTUAL BACKGROUND.**

Banks has sued upwards of seventy-five defendants, including, among others, Barack Obama, Hillary Rodham Clinton, Mitt Romney, the Central Intelligence Agency, the Pittsburgh Post Gazette, and over forty federal judges. See ECF No. 1, PageID #s 2-3. He appears to have filed the same complaint in many other districts. See, e.g., Banks v. Pivnichny, 1:15-cv-00959

(D.D.C. June 22, 2015); Banks v. Pivnichny, Case No. 5:15-cv-05131 (W.D. Ark. June 9, 2015).

Banks alleges that FBI Special Agent Timothy Pivnichny intimidated Banks's fiancee, Meredith Bondi, with a loaded handgun during an interview in Pittsburgh, Pennsylvania in 2003 or 2004.  See ECF No. 1, PageID # 2.  Defendant Cynthia Reed Eddy, Bondi's then-counsel, was present during the interview, and "never mentioned this to anyone even though she knew it was wrong."  Id.  Banks alleges that after he attempted to expose Pivnichny, Pivnichny either repaired or caused to be repaired an "Orbit II DVD/CD Copier made by Microboards" that Banks had already made arrangements to return to Microboards for repair or replacement.  Id., PageID #s 2-3.  Banks appears to allege that Pivnichny fixed the Orbit II device to "set up" Banks.  See id., PageID # 3.

Banks also alleges that "agents of the CIA started bombarding him with a wireless signal to electronically harass him at the request of the FBI" in retaliation for attempting to expose Pivnichny.  Id., PageID # 3.  After Banks reported this to Defendant Torsten Ove of the Pittsburgh Post Gazette, Ove allegedly failed to investigate Banks's claims, and instead "authored six sep[a]rate articles in the Post Gazette lambasting Banks."  Id.

Banks alleges that the remaining Defendants knew or had reason to know of Pivnichny's alleged actions, and either refused or failed to investigate Banks's claims. See id. Banks allegedly spent over 10 years writing to Defendants, but none of the "individuals did anything about it but instead yelled at Banks for exposing what Pivnichny did." Id. Defendants allegedly "recommended mental health treatment for Banks when they knew or had reason to know he needed no such treatment." Id.

Banks seeks damages of $500,000,000.00, "for violations of his Fifth and Fourteenth Amendment Right to Due Process and because the Sioux Treaty of Fort Laramie was violated." Id., PageID # 3. In addition, Banks seeks declaratory relief "to end the violations." Id.

## III. STANDARD.

To proceed in forma pauperis, Banks must demonstrate that he is unable to prepay the court fees, and that he sufficiently pleads claims. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

The court therefore screens his Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

**IV.     ANALYSIS.**

At the outset, this court notes that Banks may want to consider whether this district is the proper venue for his claims.  See 28 U.S.C. § 1391(b).  This court is not, however, dismissing the Complaint on the basis of venue, as improper venue is typically a defense, not an element that a plaintiff is required to assert to avoid dismissal at the screening stage.  Instead, this court concludes that Banks fails to state a claim on which relief may be granted, and dismisses his Complaint on that basis.

Banks alleges that Pivnichny intimidated Meredith Bondi, Banks's fiancee, by pointing a loaded handgun at her to intimidate her.  See ECF No. 1, PageID # 2.  Banks lacks standing to assert claims on Bondi's behalf, a jurisdictional matter.  In the interest of giving Banks's claims their most liberal reading, this court focuses on allegations that Banks himself was injured.  Banks may be attempting to assert a claim for intentional infliction of emotional distress, but fails to provide clear factual allegations that plausibly support such a claim.  See Hac v. Univ. of Haw., 102 Haw. 92, 106-07, 73 P.3d 46, 60-61 (2003) (holding that to establish a claim for intentional infliction of emotional distress, a plaintiff must show "1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme

4

emotional distress."). Banks's allegations are not clear or complete enough to allow the court to conclude that any conduct in issue could potentially be deemed to have been "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Tseu ex rel. Hobbs v. Jeyte, 88 Haw. 85, 93, 962 P.2d 344, 352 (1998) (internal quotation marks omitted).

Banks also asserts that his due process rights under the Fifth and Fourteenth Amendments of the Constitution were violated.  He fails, however, to provide any factual allegations to support those claims.  Banks complains of a failure to investigate on the part of various Defendants, but does not provide allegations to support any duty to investigate, or to support a plausible connection to his due process rights.

Additionally, to the extent Banks is seeking relief pursuant to 28 U.S.C. § 1983, he may want to consider whether his claims, dating from 2003 or 2004, are time-barred.  To the extent Banks is attempting to assert a claim under the Federal Tort Claims Act, Banks may want to consider whether he has timely sought the required administrative resolution of his claim.  See 28 U.S.C. § 2675(a) (requiring a plaintiff seeking relief for a tort committed by a federal employee to seek administrative relief prior to initiating a judicial action); Jerves v. United

States, 966 F.2d 517, 518 (9th Cir. 1992) (stating that before filing a tort action against the United States, an individual "must seek an administrative resolution of [his or] her claim.").

With respect to Banks's claims that Defendants violated the "Sioux Treaty of Fort Laramie," Banks does nothing more than cite the treaty. He fails to provide any supporting factual allegations, leaving this court unable to discern the basis of Banks's reliance on that document.

Other allegations in Banks's Complaint similarly fail to state a claim on which relief may be granted. Many of the remaining allegations are unclear or implausible.

**V. CONCLUSION.**

Banks's Complaint is dismissed, and the IFP Application is denied as moot. The court grants Banks leave to file an Amended Complaint that cures the deficiencies noted in this order no later than July 20, 2015. Banks may submit another IFP Application at that time.

Failure to file an Amended Complaint by July 20, 2015, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 29, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Banks v. Pivnichny, et al., Civ. No. 15-00216 SOM/BMK; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS